# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| MICHELLE LOVE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>POSTECH FASHION, INC. d/b/a CHICME,<br><br>Defendant. | Case No. _____<br><br>**CLASS ACTION COMPLAINT** |

Plaintiff Michelle Love, individually, and on behalf of all others similarly situated, and through her counsel of record, submits her Complaint against Defendant Postech Fashion, Inc., Inc., d/b/a ChicMe, and states:

## INTRODUCTION AND BACKGROUND ON THE TCPA

1. Plaintiff Michelle Love ("Love") brings this case to protect the privacy rights of herself and a class of similarly situated people who were sent text messages on their phones by Defendant Postech Fashion, Inc. d/b/a ChicMe. ("Defendant" or "ChicMe"). Defendant repeatedly sent text messages to Love and the putative class members after Love and the putative class members expressly requested that Defendant stop sending them text messages.

2. In the early 1990s, Congress enacted the Telephone Consumer Protection Act ("TCPA") to protect consumers' privacy rights, namely, the right to be left alone from

unwanted telemarketing calls. A leading sponsor of the TCPA described unwanted telemarketing calls as "the scourge of modern civilization." 137 Cong. Rec. 30821 (1991).

3. The TCPA affords special protections for people who, like Love, request to be placed on a company's internal do not call list. Specifically, the TCPA provides that each person who receives more than one call on their cell phone after requesting to be placed on the company's internal do not call list is entitled to recover a penalty of $500 per call, and up to $1,500 per call if the TCPA is willfully or knowingly violated.

4. The problem with receiving unwanted telemarketing communications is a problem that most people in this country, like Love, frequently face. For example, in 2023 alone, approximately 55 billion robocalls were placed in the United States. RobocallIndex.com, YouMail Robocall Index, https://robocallindex.com/history/time (last visited February 26, 2024). The private right of enforcement of the TCPA is critical to stopping the proliferation of these unwanted telemarketing calls. For example, while the Federal Communications Commission levied over $200 million in penalties against telemarketers between 2015 and 2018, it collected less than $7,000 of that amount. *See* Sarah Krouse, *The FCC Has Fined Robocallers $208 Million. It's Collected $6,790*, THE WALL STREET JOURNAL, March 28, 2019, https://www.wsj.com/articles/the-fcc-has-fined-robocallers-208-million-its-collected-6-790-11553770803.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

6. This Court has personal jurisdiction over Defendant directly targets its text message marketing efforts to persons in Minnesota (like Love), Defendant transacts business in the State of Minnesota and Defendant sells its various products to persons in Minnesota.

7. Venue is proper under 28 U.S.C. §§ 1391(b)(2) as a substantial portion of the events giving rise to the claim arose in this District.

## PARTIES

8. Love is an individual who at all times material to this Complaint has been a citizen of the State of Minnesota.

9. Love brings this action on behalf of herself and all others similarly situated.

10. Defendant is a corporation organized under the laws of the State of Delaware.

11. Defendant is an online retailer that sells women's clothing to persons in Minnesota and throughout the United States.

12. Defendant's website is www.chicme.com.

13. Defendant's website states that Defendant "has been dedicated to providing unique fashion products to consumers worldwide since 2015."

14. Defendant markets its products, in part, by sending text message advertisements to consumers' cell phones with Minnesota area codes and other area codes throughout the United States.

### THE TELEMARKETING TEXT MESSAGES SENT TO LOVE

15. Love is the owner of a cell phone. Her phone number is XXX-XXX-2819.

16. Love's phone is a residential line that is used primarily for personal purposes, namely, to communicate with friends and family members.

17. Love's cell phone account is held in her personal name.

18. On or about November 24, 2023, Love received a text message from Defendant, stating, "ChicMe Black Friday Sale Starts now, from 50% OFF everything. Shop the tops, dresses for half the price https://www.chicme.com?utm_source=v_1121."

19. Love responded to the text message on the same day, stating, "Stop."

20. Defendant, however, continued to send marketing text messages to Love despite her request to stop.

21. On November 27, 2023, Defendant sent Love a text message, stating, "UP TO 90% OFF Everything, ChicMe Cyber Monday Sale is live. ONLY 24hrs! Seize the final chance to save https://www.chicme.com?utm_source=v_1125."

22. On January 21, 2024, Defendant sent Love a text message, stating, "ChicMe Best deals, Starts at $2.99, 50% off all. 1000+ new Dresses, Tops, 2pcs set for this spring. Sale Ends Soon! https://www.chicme.com?utm_source=v_0121_2."

23. On February 28, 2024, Defendant sent Love a text message, stating, "[FREE SHIPPING+extra (sic) 30% off!!!] Chic Me Pre-Order now live! https://www.chicme.com/collection/preorder/1e7w0h8D4h9r6b4M5n7L1A2L60.html?utm_source=v_0228."

24. Defendant's conduct violated the privacy rights of Love and the putative class members, as they were subjected to annoying and harassing text messages. Defendant's texts intruded upon the rights of Love and the putative class members to be free from invasion of their interest in seclusion.

25. Defendant's conduct caused Love and the putative class members to waste time addressing and/or otherwise responding to the unwanted text messages.

26. Defendant sent text messages to Love and the putative class members for the purpose of selling its products and services.

## Class Allegations

27. Pursuant to Federal Rule of Civil Procedure 23(a), (b)(2) and (b)(3), Love brings this lawsuit as a class action on behalf of herself and all others similarly situated. This action satisfies the requirements of Rule 23.

28. Love seeks to represent the following class:

> All persons in the United States from four years prior to the filing of this action through class certification to whom: (1) Defendant sent text messages marketing its products or services, (2) Defendant sent more than one text message to the person in a twelve-month period, and (3) Defendant sent such text messages after the person requested that Defendant stop sending them text messages.

29. Love reserves the right to add administrative subclasses, or to amend the definition of the proposed class, during the lawsuit proceedings.

30. The members of the proposed classes are so numerous that joinder of all members is impracticable. On information and belief, hundreds or thousands of people have been harmed by Defendant's actions. Defendant is likely to maintain information that makes it feasible to determine the actual number of Class Members.

31. Most members of the proposed class have suffered damages in an amount such that it would make filing separate lawsuits by individual members economically infeasible.

32. On information and belief, Defendant has texted and continues to text people who have requested that Defendant stop texting them, *i.e.*, to be placed on Defendant's internal do not call list. It is reasonable to expect that Defendant will continue to send such text messages absent this lawsuit.

33. Common questions of law and fact exist as to all members of the proposed class and predominate over any questions affecting only individual members. The questions of law and fact common to the proposed class include, but are not limited to:

   a. Whether Defendant sent text messages to Love and the putative class members after they requested that Defendant no longer send them text messages;

   b. Whether Defendant's conduct violates 47 U.S.C. § 227(c);

      c.      Whether Defendant's conduct violates the rules and regulations implementing the TCPA; and

      d.      Whether Love and the putative class members are entitled to increased damages for each violation based on the willfulness of Defendant's conduct.

34. Love's claims are typical of the claims of the proposed class members because her claims arise from the same practice that gives rise to the claims of the members of the proposed class and is based on the same legal theories.

35. Love and her counsel will fairly and adequately protect the interests of the members of the proposed class. Love's interests do not conflict with the interests of the proposed class she seeks to represent. Love has retained lawyers who are competent and experienced in class action litigation, including TCPA litigation and consumer law.

36. Love's counsel will vigorously litigate this case as a class action, and Love and her counsel are aware of their responsibilities to the putative members of the class and will discharge those duties.

37. A class action is superior to all individual lawsuits for this controversy. Joinder of all proposed members of the proposed class in one action is impracticable if not impossible and prosecuting hundreds or thousands of individual actions is not feasible. The size of the individual claims is likely not large enough to justify filing a separate action for each claim. For many, if not most, members of the proposed class, a class action is the only procedural mechanism that will allow recovery. Even if members of the proposed class had

the resources to pursue individual litigation, that method would be unduly burdensome to the courts. Individual litigation could also result in inconsistent adjudications.

38. Defendant has acted or refused to act on grounds that apply generally to the class, making final injunctive relief or corresponding declaratory relief appropriate with respect to the class.

### Count I - Violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

39. Love incorporates by reference the allegations of the previous paragraphs as if fully stated in this Count.

40. The TCPA provides that "a person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection" may recover $500 for each violation, and up to $1,500 for each violation, if the violation is determined to be willful. *See* 47 U.S.C. § 227(c)(5).

41. The regulations prescribed under Section 227(c) require companies like Defendant, who engage in telemarketing to institute "procedures for maintaining a list of persons who request not to receive telemarketing calls on or behalf of that person or entity." *See* 47 C.F.R. § 64.1200(d).

42. These procedures must meet several minimum standards, including, but not limited to:

> **(1) *Written policy.*** Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

8

**(2)** *Training of personnel engaged in telemarketing.* Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

**(3)** *Recording, disclosure of do-not-call requests.* If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

**(4)** *Identification of sellers and telemarketers.* A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

**(5)** *Affiliated persons or entities.* In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

**(6)** *Maintenance of do-not-call lists.* A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

*See* 47 C.F.R. § 64.1200(d)(1)-(6).

43. Defendant failed to maintain and/or implement these minimum standards by repeatedly sending telemarketing text messages to Love and the putative class members after they requested that Defendant stop sending them text messages.

44. In addition, the TCPA allows the Court to enjoin Defendant from sending text messages to phone numbers that should have been placed on Defendant's internal do not call list. *See* 47 U.S.C. §§ 227(c)(5)(A).

45. By sending text messages to the phones of Love and the putative class members after their numbers should have been placed on Defendant's internal do not call list, Defendant violated the TCPA, including, but not limited to, 47 U.S.C. § 227(c) and the TCPA's corresponding regulations.

46. Defendant knew or should have known that Love and the putative class members did not wish to receive text messages as such persons expressly advised Defendant that they did not wish to receive text messages from Defendant, and Defendant promised it would no longer send such messages.

47. Love and the putative class members are entitled to damages of up to $500.00 per violation for each text message sent by Defendant in violation of the TCPA and up to $1,500.00 per violation if the Court finds that Defendant willfully violated the TCPA.

**Demand for Judgment**

WHEREFORE Plaintiff Michelle Love, individually, and on behalf of all others similarly situated, requests the Court grant the following relief:

a. Enter an order against Defendant Postech Fashion, Inc., Inc., d/b/a ChicMe pursuant to Federal Rule of Civil Procedure 23(a), (b)(2) and (b)(3), certifying this action as a class action and appointing Love as the class representative;

b. Enter an order appointing the undersigned counsel as Class Counsel;

c. Enter judgment in favor of Love and the putative class for all damages available under the TCPA, including statutory damages of up to $500 per violation of the TCPA, or up to $1,500 per violation of the TCPA if Defendant willfully violated the TCPA;

d. Enter judgment in favor of Love and the putative class that enjoins Defendant from violating the TCPA's regulations prohibiting Defendant from sending text messages to persons who have requested that Defendant stop texting them;

e. Award Love and the class all expenses of this action, and require that Defendant pay the costs and expenses of class notice and administration; and,

f. Award Love and the class such further and other relief the Court deems just and appropriate.

## Jury Trial Demand

Plaintiff demands a trial by jury as to all claims so triable.

Dated April 2, 2024.

                                                s/Scott Moriarity
Shawn J. Wanta, Lic. No. 0389164
Scott A. Moriarity, Lic. No. 0321977
WANTA THOME PLC
100 South Fifth Street, Suite 1200
Minneapolis, MN 55402
612-252-3570
sjwanta@wantathome.com
samoriarity@wantathome.com

David T. Butsch (*pro hac* forthcoming)
Christopher E. Roberts
(*pro hac* forthcoming)
7777 Bonhomme Avenue, Suite 1300
Clayton, MO 63105
314-863-5700
butsch@butschroberts.com
roberts@butschroberts.com

ATTORNEYS FOR PLAINTIFF